IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MICHAEL ALETUM,                              *

     Plaintiff,                              *

v.                                           *           Civil Action No. GLR-20-703

ADECCO USA, INC.,                            *

     Defendant.                             *

                             * * *

## MEMORANDUM OPINION

THIS MATTER is before the Court on Defendant Adecco USA, Inc.'s ("Adecco") Motion to Compel Arbitration (ECF No. 11). The Motion is ripe for disposition, and no hearing is necessary. See Local Rule 105.6 (D.Md. 2018). For the reasons outlined below, the Court will grant Adecco's Motion.

## I.    BACKGROUND

Plaintiff Michael Aletum is deaf. (Compl. at 1, ECF No. 1). Aletum contracted with Adecco, a staffing agency, to place Aletum in temporary work assignments at third-party companies. (See Mot. Compel Arbitration ["Mot."] at 1, ECF No. 11; Arbitration Agreement ["Agmt."] at 1, ECF No. 11-1).[1] In March 2018, Aletum participated in an interview. (Compl. at 2). It is not clear what the interview was for or who interviewed Aletum. According to the Complaint, Aletum was not provided an American Sign

---

[1] Because Adecco's Motion is brought under Federal Rule of Civil Procedure 12(b)(3), see Section II.A, infra, the Court may consider evidence outside the pleadings in ruling on the Motion. See Structural Pres. Sys., LLC v. Andrews, 931 F.Supp.2d 667, 671 (D.Md. 2013) (citations omitted).

Language ("ASL") interpreter during the interview. (Id. at 2). Aletum asserts that "respondents" "never hired deaf people" and that deaf people were "not hired by Adecco." (Id.). Aletum states that "respondents never knew . . . ADA and [Equal Employment Opportunity] laws." (Id. at 3). It is not clear whether Aletum's reference to "respondents" means Adecco or a potential third-party employer.

Adecco submits with its Motion a "Voluntary Dispute Resolution and Arbitration Agreement" in which it and Aletum are named as parties (the "Agreement"). (Agmt. at 1). Section 1 of the Agreement provides:

> [T]he Company and Employee agree that any and all disputes, claims or controversies arising out of or relating to this Agreement, the employment relationship between the Parties, or the termination of the employment relationship (collectively, "Claims" or individually, "Claim"), shall be resolved by binding arbitration in accordance with the Employment Arbitration Rules of the American Arbitration Association then in effect. . . . The agreement to arbitrate includes any Claims that the Company may have against Employee, and/or that Employee may have against the Company, Company Client(s), and/or Company and/or Company Client(s)' officers, directors, employees, agents, or parent, subsidiary, or affiliated entities. . . . This Agreement shall be enforceable under and subject to the Federal Arbitration Act, 9 U.S.C. § 1 et seq. and shall survive after the employment relationship terminates.

(Id.). The following paragraph states, in bold, capital letters: "**BY SIGNING THIS AGREEMENT, THE PARTIES HEREBY WAIVE THEIR RIGHT TO HAVE ANY CLAIM COVERED BY THE ARBITRATION OBLIGATIONS IN THIS AGREEMENT DECIDED BY A JUDGE OR JURY IN A COURT.**" (Id.). Aletum electronically signed the Agreement on August 30, 2017. (Id. at 3).

Proceeding pro se, Aletum filed a Complaint against Adecco in the United States District Court for the District of Columbia on February 13, 2020. (ECF No. 1). Although the Complaint does not articulate formal counts, it broadly alleges that Adecco discriminated against Aletum in violation of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 et seq. (See Compl. at 1–3). Aletum is seeking monetary relief. (Id. at 1).

The United States District Court for the District of Columbia transferred the case to this Court on February 25, 2020. (ECF No. 3). Aletum failed to timely serve Adecco, prompting this Court to order him to do so on August 31, 2020. (ECF No. 6). After receiving the Complaint, Adecco moved to compel arbitration on November 9, 2020. (ECF No. 11). Aletum filed an Opposition on January 15, 2021. (ECF No. 18). Adecco filed a Reply on January 28, 2021. (ECF No. 21).

## II.    DISCUSSION

### A.    **Standard of Review**

This Court typically evaluates motions to dismiss premised on arbitration agreements under Federal Rule of Civil Procedure 12(b)(3), which governs improper venue. See, e.g., Stone v. Wells Fargo Bank, N.A., 361 F.Supp.3d 539, 548–49 (D.Md. 2019); In re Titanium Dioxide Antitrust Litig., 962 F.Supp.2d 840, 856–57 (D.Md. 2013). "[W]hen a challenge to venue is raised, the plaintiff bears the burden of demonstrating that venue is appropriate." See Stone, 361 F.Supp.3d at 549. Courts may consider evidence outside the complaint and need not accept the pleadings as true when determining whether the plaintiff has sustained this burden. See Sucampo Pharms., Inc. v. Astellas Pharma, Inc.,

471 F.3d 544, 550 (4th Cir. 2006). Where no evidentiary hearing is held, "the plaintiff need only make a prima facie showing that venue is proper." Id. (quoting CareFirst, Inc. v. Taylor, 235 F.Supp.3d 724, 732 (D.Md. 2017)). "[I]n deciding a motion to dismiss [for improper venue], all inferences must be drawn in favor of the plaintiff, and the facts must be viewed as the plaintiff most strongly can plead them." Three M Enters., Inc. v. Tex. D.A.R. Enters., Inc., 368 F.Supp.2d 450, 454 (D.Md. 2005) (internal quotation marks and citation omitted).

**B.   Analysis**

Adecco argues the Court should compel arbitration of this dispute. At bottom, the Court agrees and will dismiss this case.

The Federal Arbitration Act ("FAA") requires arbitration of a dispute when the following four elements are met: "(1) the existence of a dispute between the parties; (2) a written agreement that includes an arbitration provision which purports to cover the dispute; (3) the relationship of the transaction, [as] evidenced by the agreement, to interstate commerce [ ]; and (4) the failure, neglect or refusal of the [non-movant] to arbitrate the dispute." Burrell v. 911 Restoration Franchise Inc., No. JKB-17-2278, 2017 WL 5517383, at *3 (D.Md. Nov. 17, 2017) (citing Rota-McLarty v. Santander Consumer USA, Inc., 700 F.3d 690, 696 n.6 (4th Cir. 2012)).

These elements are satisfied here. First, the existence of a dispute between the parties is made apparent by Aletum's Complaint. See Burrell, 2017 WL 5517383, at *3. Second, the arbitration provision in the Agreement covers Aletum's claims, as it plainly states that "any and all disputes . . . arising out of or relating . . . the employment

4

relationship between the Parties . . . shall be resolved by binding arbitration[.]" (Agmt. at 1) (emphasis added). Third, Aletum does not dispute Adecco's contention that the Agreement relates to interstate commerce. See Maxum Founds., Inc. v. Salus Corp., 779 F.2d 974, 978 n.4 (4th Cir. 1985) ("Where . . . the party seeking arbitration alleges that the transaction is within the scope of the [FAA], and the party opposing application of the [FAA] does not come forward with evidence to rebut jurisdiction under the federal statute, we do not read into the [FAA] a requirement of further proof by the party invoking the federal law."). And finally, Aletum's refusal to arbitrate the dispute is readily apparent, given Aletum's decision to bring suit in federal court and oppose Adecco's Motion to Compel Arbitration. See Burrell, 2017 WL 5517383, at *4. As such, the FAA applies to Aletum's claims.

Finally, the Court notes that Aletum's Opposition fails to substantively respond to the arguments set forth in Adecco's Motion. For instance, Aletum does not argue that the Agreement is unenforceable, invalid, fraudulent, or does not cover this dispute. Instead, he states without support that this Court has personal and subject-matter jurisdiction over this dispute and outlines his efforts to serve Adecco. (See Opposition at 2–4, ECF No. 18).[2] Aletum's failure to respond waives his defense to Adecco's arguments. See Muhammad v. Maryland, No. ELH-11-3761, 2012 WL 987309, at *1 n.3 (D.Md. Mar. 20, 2012) ("[B]y failing to respond to an argument made in a motion to dismiss, a plaintiff abandons his or her claim."). For these reasons, the Court is further compelled to grant Adecco's Motion.

---

[2] The Court notes that the document appearing to serve as Aletum's Opposition is captioned "Plaintiff for time to serve a responsive pleading." (Id. at 1).

Because Aletum's claims are subject to arbitration under the FAA, venue in this Court is improper. Accordingly, the Court will grant Adecco's Motion and dismiss this case.

### III.    CONCLUSION

For the foregoing reasons, the Court will grant Adecco's Motion to Compel Arbitration (ECF No. 11). A separate Order follows.

Entered this 19th day of April, 2021.

                                                           /s/
                                          George L. Russell, III
                                          United States District Judge